**DAYTON (City), Plaintiff-Appellee, v. CAVERLEE, Jr., Defendant-Appellant.**

Common Pleas Court, Montgomery County.

No. 102003.   Decided June 14, 1950.

Herbert S. Beane, Law Director, Maurice A. Russell, Pros., William P. Keane, Asst. Pros., Dayton, for plaintiff.

Charles H. Boesch, Dayton, for defendant.

## OPINION

By CECIL, J.

This case is pending in this court on appeal from the Criminal Division of the Municipal Court of Dayton. In that court, the defendant-appellant was found guilty of violation of Section 307 of the Code of General Ordinances of the City of Dayton. That Section reads as follows, so far as is applicable to this case:

"No person shall operate a vehicle, * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, * * * and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways."

The affidavit containing the charge specifies that on or about the 31st day of January, 1948, in the City of Dayton and in the County of Montgomery, Ralph E. Caverlee, Jr. unlawfully operated a motor vehicle, to-wit: An Oldsmobile Sedan on Ernst Avenue a public thoroughfare within said city in that he operated the same without due regard for the safety and rights of pedestrians and drivers and occupants of all

other vehicles, and so far as to endanger the life, limb or property of persons in the lawful use of the said public thoroughfare; in the following particulars, to-wit: while operating the said motor vehicle, eastwardly on Ernst Avenue struck one Wm. K. Smith, 2 Magnolia Drive, Englewood, Ohio, who was pushing his Ford Coupe, which was being steered by Cathy Willingham, 255 N. Main Street, Apartment No. 72, eastwardly on Ernst Avenue opposite premises No. 57 contrary to Section 307 of the Code of General Ordinances of said City and that said defendant is guilty of the facts charged.

An examination of the record, in this case, discloses that there is no judgment entry; that is, there is no entry by which the defendant was found guilty and sentenced. The Municipal Court of the City of Dayton is a court of record and the Criminal Division of that court is likewise a court of record. A court of record speaks only through its journal entries. If there is no entry, then the court speaketh not. We would remand this case back to the Criminal Division of the Municipal Court of Dayton if it were not for the fact that, upon the merits of the case, we conclude that the judgment of conviction should be reversed.

In the first place, we raise the query as to whether or not the Affidavit charges an offense. Aside from the language of the Ordinance, there is only one ultimate fact alleged and that is that Ralph E. Caverlee, Jr. "struck one, Wm. K. Smith, who was pushing his Ford Coupe on Ernst Avenue." We pass this question and come to the second proposition which is that the City has failed to prove the defendant guilty beyond a reasonable doubt under the charge as above stated.

The testimony shows that William K. Smith was pushing his automobile eastwardly on Ernst Avenue at about 12:30 A. M. on the morning of the 31st of January, 1948. It appeared that his battery was dead and that with his girl, Cathy Willingham, in the car to steer, Mr. Smith was pushing the car down-grade on Ernst Avenue. The streets were icey and slippery. The defendant, Ralph E. Caverlee, Jr., drove his car eastwardly on Ernst Avenue and into the rear of Mr. Smith's car catching Mr. Smith between the two cars and injuring him severely. Mr. Smith did not know of the presence of the defendant until he was struck. No one saw this accident happen except the defendant himself. No one can explain it except the defendant. Aside from the defendant's testimony, the inescapable inference would be, from the physical facts, that the defendant drove his car into and against Mr. Smith and his car. Aside from the inference that can be drawn from the physical facts, the only testimony in the case of the prosecution, at all explanatory of what happened, is in the testimony of Officer Kavy in which he says that the defendant said "he told me he was driving east on Ernst and all of a sudden he seen a car in front of him and when he put on his brakes he couldn't stop and hit this man who was evidently pushing. He wasn't too sure if the man was pushing or how he got there. He just surmised it. He didn't see the car until he was up on top of it."

Section 307 of the General Ordinances of the City of Dayton is an enactment by the City of §6307-20 GC. By this statute, the common law rule of ordinary care is enacted into a criminal statute. The statute contains no specific requirements. If this statute is loosely construed, we

have the anomalous situation of it being easier to convict a person of a crime for being negligent than it is to recover from him in a civil action for negligence. In a civil action for negligence, the defendant has a right to set up the contributory negligence of the plaintiff. In a criminal action, such as we have before us, it makes no difference how negligent the prosecuting witness is, if the defendant was at all negligent, he is guilty of a crime.

We are of the opinion that this statute ought to be used very sparingly and not as a "catch-all" for every conceivable kind of traffic accident. It is our opinion that it was never the intention of the Legislature to make a person guilty of a crime for simple negligence without the essential element of criminal intent being involved. It seems to us that this statute contemplates the operation of an automobile so as to amount to a reckless disregard of consequences—an indifferent feeling or attitude such as would make one intend to do the things which were the natural and probable consequences of his indifference or reckless conduct. We may read into this statute and ordinance our feelings of how they should be interpreted rather than what was intended by the Legislature when it enacted the statute.

Our conclusion in reversing this case is reasoned as follows: Granting that simple negligence is a crime under the ordinance and under the statute, the prosecution makes a prima facie case of guilt by merely showing that the defendant ran into the prosecuting witness from the rear. This prima facie case may be rebutted and is subject to explanations by the defendant or anyone else who may have witnessed the accident. The defendant's explanation is found on page thirty-one of the transcript in which he says: "I was on Ernst and the streets were very icy and the street lights threw a glare on the ice and I proceeded down past Parkland Avenue and suddenly saw a car in front of me and didn't see anyone pushing it at the time because when I did get closer I did see Mr. Smith. He was kind of crouched over the rear wheel of his car." And, on page thirty-two, the defendant says: "Well, I was coming down Ernst Avenue there and I saw it after I passed the street light on Parkland Avenue. The car was at that time about, I would say, fifty or sixty feet away at least." The defendant says that he was about thirty feet away from the car when he realized that someone was pushing it. And, also, on page thirty-two, the defendant says: "I tried to stop and slow down my car and I just touched the brakes and it felt like the car took off. It started sliding right away and I flashed my lights and honked my horn when I could see Mr. Smith and they made no effort to get out of the way and then the car went out of control. The street was just one mass of ice all the way through."

This is a complete explanation to the prima facie case made by the prosecution. We are of the opinion that, as a matter of law, the defendant could not be guilty under such a state of facts; and we further conclude that a finding of guilty made upon such a state of facts is manifestly against the weight of the evidence and that under such evidence the prosecution manifestly fails to prove the defendant guilty beyond a reasonable doubt.

There are inferences and some evidence in this case that the de-

fendant's brakes were not in proper condition. It is our conclusion that the question of whether or not the defendant's brakes were good or bad is not an issue in this case. **Sec. 6307-92 GC** makes it a criminal offense to not have brakes that meet certain requirements. If the defendant's brakes did not meet the requirements of this statute, then he should have been prosecuted for a violation of such statute. **Sec. 6307-20 GC** and Section 307 of the General Ordinance of the City of Dayton makes the failure to use ordinary care, under certain circumstances, a criminal offense. While the language of the statute and ordinance is general, the offense is specific. This specific offense is to operate a motor vehicle "without due regard for the safety and rights of pedestrians, etc." as applied to the situations mentioned in the statute and ordinance. This ordinance is not a cloak to cover other specific offenses made crimes by the statutes or ordinances.

In our judgment, it is not proper to make a specific charge of violating Section 307 of the General Ordinance of the City of Dayton in general language and prove it by showing that the defendant violated specific sections of the Code of Ordinances or Statutes which are made crimes thereunder.

The order of the Criminal Division of the Municipal Court of the City of Dayton, finding the defendant guilty, will be reversed and the case remanded to said court.